# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MATTHEW DESCAMPS,

    *Petitioner*,

vs.

UNITED STATES OF AMERICA,,

    *Respondent*.

2:13-cv-01880-GMN-GWF

ORDER

This habeas matter by a federal inmate held within the District comes before the Court for initial review.

The papers presented are subject to substantial defects.

First, petitioner did not properly commence the action by either paying the $5.00 filing fee or filing an application to proceed *in forma pauperis* on the Court's required form with all required attachments. Under Local Rule LSR 1-1, a petitioner must use the Court's required pauper application form. Moreover, under Local Rule LSR 1-2, he must attach both a financial certificate executed by an authorized institutional officer and a statement of his inmate account statement for the prior six months. Petitioner did not use the required form, and he did not attach a copy of a financial certificate along with his inmate account statement.

Second, petitioner did not use the required form for a petition under 28 U.S.C. § 2241. Under Local Rule LSR 3-1, a habeas petition must be filed on the Court's required form, which in this instance is an AO 242 habeas petition form for a petition under § 2241. Petitioner may not submit a handwritten petition as he did here.

Third, petitioner did not name a proper respondent. Petitioner must name his immediate physical custodian as respondent in order to invoke the Court's habeas jurisdiction under § 2241. *E.g., Rumsfeld v. Padilla*, 542 U.S. 426 (2004). He instead named the United States of America. Petitioner may not bring a civil action directly against the United States because of

sovereign immunity, regardless of the relief sought.

Due to these multiple defects, the petition in this improperly-commenced action will be dismissed without prejudice. It does not appear that a dismissal without prejudice to a new action would materially impact adjudication of any issue in a promptly filed new action or otherwise cause substantial prejudice.[1]

**IT THEREFORE IS ORDERED** that this action shall be **DISMISSED without prejudice** to the filing of a new petition on the required form with a pauper application with all required financial attachments in a new civil action under a new docket number.

**IT FURTHER IS ORDERED** that a certificate of appealability is **DENIED**, as jurists of reason would not find the dismissal of this improperly-commenced action to be either debatable or incorrect, given the absence of any substantial prejudice to petitioner from the dismissal without prejudice.

The Clerk of Court shall SEND petitioner with this order two copies each of an AO 242 habeas petition form (available on the J-Net) and a prisoner pauper application along with one copy of the instructions for the pauper form and of the papers submitted in this action.

---

[1] The papers on file and the online docket of the Eastern District of Washington reflect the following.

Petitioner seeks to challenge his January 14, 2008, conviction for felon in possession of a firearm and ammunition in No. 2:05-cr-00104-FVS in the Eastern District of Washington in Spokane, Washington. The Ninth Circuit affirmed the application of a sentence enhancement under the Armed Career Criminal Act (ACCA) on January 10, 2012, in No. 08-30013. The United States Supreme Court reversed on that issue, however, on June 20, 2013, in *Descamps v. United States*, 133 S.Ct. 2276 (2013). The Supreme Court denied a petition for rehearing on August 30, 2013. The Ninth Circuit thereafter reversed and remanded on September 16, 2013, for further proceedings consistent with *Descamps*. Resentencing currently is scheduled for November 14, 2013, in Spokane. Petitioner further filed a number of petitions or motions under 28 U.S.C. §§ 2241 and/or 2255 in the Eastern District of Washington during the pendency of the foregoing proceedings that were dismissed without prejudice as premature during such proceedings.

The present dismissal without prejudice will not materially impact the analysis in a properly and promptly commenced new action of prematurity, timeliness, the propriety of § 2241 relief in this Court on the allegations presented, and/or any other material issue of substance.

Nothing in this order directs petitioner to file any proceeding, grants petitioner permission to do so, and/or opines as to the propriety of any type of procedural vehicle, whether in this Court or another. The Court simply is dismissing the present improperly-commenced action without prejudice.

-2-

The Clerk shall enter final judgment accordingly, **DISMISSING** this action **without prejudice**.

**DATED** this 29th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge